UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN MCGARRY,

    Plaintiff,

    v.

ZIMMER INC., et al.,

    Defendants.

_____/

No. C 13-0671 PJH

**ORDER GRANTING MOTION TO REMAND**

    Plaintiff's motion to remand the above-entitled action to the Superior Court of California, County of Alameda, came on for hearing before this court on May 1, 2013. Plaintiff Brian McGarry appeared by his counsel William Green, and defendants Zimmer, Inc., and Zimmer US, Inc., appeared by their counsel Peter Meyer and Sonja Weissman. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. 1447(c). There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, the complaint – a California Judicial Council form complaint – alleges state law claims for strict product liability, negligence, and breach of implied warranty, in connection with a knee implant manufactured, designed, sold and/or distributed by defendants. The complaint asserts that the damages "exceed $25,000" but does not specify an amount. Plaintiff simply checked the boxes labeled "compensatory damages," "wage loss," "hospital and medical expenses," "general damage," "loss of earning capacity," and "other damage [to be determined according to proof."

Defendants removed the case based on diversity jurisdiction. See 28 U.S.C. § 1441(b). Defendants allege that the citizenship of the plaintiff and the defendants is diverse, and also claim that the amount in controversy exceeds $75,000, primarily based on the various categories of damages – but not any dollar amount of damages – asserted in the complaint.

Plaintiff seeks an order remanding the case, arguing that defendants have failed to meet their burden of stating facts sufficient to show that the amount in controversy exceeds $75,000. The court agrees, and finds that the case must be remanded. The allegations in the notice of removal amount to no more than speculation that plaintiff's damages will exceed the jurisdictional minimum. Removal cannot be based simply upon conclusory allegations. Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997). Speculative argument as to the amount in controversy is insufficient. See Gaus, 980 F.2d at 567.

Accordingly, it is hereby ORDERED that this case be remanded to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: May 1, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge